Celia LAMPERT and Curt Lampert, as Parents and Natural Guardians of T.L., Appellants,

v.

FLORIDA BIRTH–RELATED NEURO-LOGICAL INJURY COMPENSATION ASSOCIATION, Appellee.

CASE NO. 1D15–4815

District Court of Appeal of Florida, First District.

Opinion filed December 30, 2016.

David M. Caldevilla of de la Parte & Gilbert, P.A., Tampa, for Appellant.

David W. Black and Marc A. Silverman of Frank, Weinberg & Black, P.L., Plantation, for Appellee.

## ON APPELLEE'S MOTION FOR PANEL REHEARING OR REHEARING EN BANC

PER CURIAM.

We deny Appellee's Motion for Panel Rehearing or Rehearing En Banc. For purposes of clarification, however, we withdraw our previous opinion filed on November 14, 2016, and substitute the following in its place.

This case is an appeal from an Administrative Law Judge's final order denying Appellants' motion for attorneys' fees and costs in a NICA-related dispute. We reverse and remand for the entry of an order granting fees and costs.

### Background

Appellants are the parents of a son born with a birth-related neurological injury as defined by § 766.302(2), Florida Statutes, who was admitted into the Florida Birth–Related Neurological Injury Compensation Association (NICA) program on November 10, 1997. In 2006, over 100 families (including Appellants) filed a class action law suit against NICA, alleging that NICA was unlawfully underpaying or refusing to pay parents and guardians for custodial care. The lawsuit resulted in a settlement agreement and release, approved in 2012, that established a process for class members to file claims with NICA to receive payment for providing medically necessary and reasonable custodial care benefits. A class member who disagreed with NICA's determination could file a claim with the Florida Division of Administrative Hearings pursuant to § 766.301–766.316, Florida Statutes. Pending the completion of DOAH proceedings, NICA would pay that portion of the claimant's claim which was not in dispute.

On January 4, 2013, Appellants submitted a claim to NICA for residential and custodial care benefits. NICA agreed to pay Appellants for future custodial benefits in the amount of 12 hours per day, whereas Appellants sought pay for 16 hours per day. Appellants then filed a petition with DOAH using a prescribed form to resolve whether NICA owed "any" benefits:

a final order which determines and awards the correct amount of past and/or future benefits for residential and custodial care and services, if any, owed by NICA to the Petitioners, reasonable attorneys' fees and costs, and such other relief that the Administrative Law Judge deems just and proper.

In the DOAH litigation, NICA disputed its obligation to pay and sought a credit for payments it had already made to Appellees. NICA's pre-hearing position was that:

Petitioners do not require and are not entitled to even twelve (12) hours per day for custodial care ..., are not entitled to any further custodial care, and are certainly not entitled to sixteen (16) or even twelve (12) hours of custodial care per day that NICA has been providing. In fact, NICA has overpaid the Petitioners for custodial care above and beyond the amount of custodial care that is medically necessary. Accordingly, [NICA] is entitled to an offset or credit for the amount of any custodial care which has been paid to the Petitioners beyond the amount that the ALJ determines is actually medically necessary.

Ultimately, in 2015, the ALJ issued a final order awarding custodial care benefits of 12 hours per day from December 17, 2012, forward, which was what NICA initially agreed to pay. The ALJ rejected NICA's argument to reduce benefits and found it unnecessary to address NICA's request

for recoupment or offset. The ALJ then denied Appellants' motion for attorneys' fees and costs, which is the subject of this appeal.

### Analysis

■ This case involves the interpretation of the NICA-related attorneys' fee statute, § 766.31, Fla. Stat., where the parties agreed that this law would govern the resolution of their disputed custodial care benefits claim. We consider the issue de novo. See Nagy v. Fla. Birth–Related Neurological Injury Comp. Ass'n, 813 So.2d 155, 159 (Fla. 4th DCA 2002).

The parties entered into an agreement in 2012 to settle claims for medically necessary and reasonable residential and custodial care benefits according to the process described above. The claim form that Appellants completed, which is an exhibit to the settlement agreement, specified that: "This claim form is being submitted for payment by NICA under Statute 766.31, F.S." In this case, the parties did not resolve their custodial care benefits dispute between themselves, so Appellants—according to the process prescribed in the parties' settlement agreement—filed "a claim with [DOAH] . . . using a petition to determine benefits form" posted on NICA's website. The petition was then resolved by an ALJ in an administrative proceeding pursuant to § 766.31.

■ The process the parties adopted from § 766.301–766.316 to resolve petitions for custodial care benefits addresses attorneys' fees and costs explicitly in § 766.31, the statute identified on the claim form submitted by Appellants. This statute provides, among other things, that the ALJ shall award "reasonable expenses" in connection with filing a claim, including attor-

neys' fees and costs, in the event of a final determination and award:

> Should there be a final determination of compensability, and the claimants accept an award under this section, the claimants shall not be liable for any expenses, including attorney's fees, incurred in connection with the filing of a claim under ss. 766.301–766.316 other than those expenses awarded under this section.

§ 766.31(1)(c), Fla. Stat. In this case, Appellants' fees and costs were incurred in connection with the filing of a custodial care benefits "claim" filed in accordance with the terms of the settlement agreement. The ALJ then made a determination on the disputed claim and Appellants accepted the award per the settlement agreement's claims resolution regime. Under these circumstances, because the settlement agreement adopted this statute as the means of resolving claims for custodial care benefits, Appellants are entitled to their fees and costs. Cf. Rodriguez v. Fla. Birth–Related Neurological Injury Comp. Ass'n, 19 So.3d 386, 388–89 (Fla. 2d DCA 2009) (authorizing an award of fees and costs incurred defending against NICA's efforts to clarify or modify a prior award of benefits because they were incurred "in connection with" a NICA benefits claim).[1]

We understand NICA's argument that we should affirm the ALJ's denial of Appellants' fees and costs because Appellants "were clearly not the prevailing party . . . [and] NICA prevailed by any measure." But this argument is not consistent with the language of the settlement agreement and statute. Section 766.31 does not address prevailing parties, but rather links liability for expenses with a final claim determination and award. Cf., § 723.068,

---

1. Our opinion does not reach the issue of recoveries typically allowed under § 766.31, but is limited to the context presented here, where the parties agreed to resolve their disputed benefits issue using this statute's award-resolution regime.

Fla. Stat. ("[I]n any proceeding between private parties to enforce provisions of this chapter, *the prevailing party* is entitled to a reasonable attorney's fee.") (emphasis added). In this case, the petition filed with DOAH, and required by the parties' settlement agreement, asked the ALJ "to conduct a formal [hearing] and enter a final order which determines and awards the correct amount of [benefits], if any." (Emphasis added). The ALJ then resolved the claim for custodial care benefits, in which Appellants asked for one result (a 16–hour per day benefit) and NICA sought another (no further custodial care benefits), by awarding benefits. The ALJ's final order said: "Petitioners are awarded custodial care benefits of 12 hours per day, seven days per week, for the time period since December 17, 2012, and forward." We thus conclude that the ALJ made the final determination and award under the statute, as required by the settlement agreement, which entitled Appellants to their expenses.

### Conclusion

Accordingly, we REVERSE and REMAND to the ALJ with instructions to grant Appellants' attorneys' fees and costs. See Fla. Birth–Related Neurological Injury Comp. Ass'n v. Carreras, 633 So.2d 1103, 1106 (Fla. 3d DCA 1994) (addressing the calculation of NICA-related fees).

WOLF, LEWIS, and OSTERHAUS, JJ., CONCUR.